UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERMEL ROBERTSON,

        Plaintiff,

        v.                              Case No. 24-cv-0570-bhl

EARLEAN LASTER and
ROBERT E. WEBB, JR.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Jermel Robertson, who is currently serving a state prison sentence at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Robertson's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.[1]

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Robertson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Robertson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an

---

[1] Robertson filed a motion to amend his complaint on May 22, 2024, in which he clarified some of the complaint's allegations. The Court will grant the motion.

initial partial filing fee of $27.60. Robertson's motion for leave to proceed without prepaying the filing fee will be granted.

SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Robertson, he hired Defendants to represent him at his sentencing following a conviction for disorderly conduct and substantial battery. Robertson explains that their "only job was to challenge the enhancer portion of [his] sentence, [but] they did no such thing." Robertson asserts that, instead, they admitted to the enhancers on the record and made other errors. Robertson states that they effectively stole his money with their ineffective assistance of counsel and placed him in double jeopardy. Dkt. No. 1 at 2-3.

## THE COURT'S ANALYSIS

Robertson seeks to bring this action under 42 U.S.C. §1983, the intent of which "is to deter state actors . . . from using a 'badge of authority' to deprive individuals of rights guaranteed by the Constitution." *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) (citations omitted). "To state a valid cause of action under §1983, a plaintiff must demonstrate that: (1) the defendant(s) deprived him of a right secured by the Constitution or any law of the United States; and (2) the deprivation of that right resulted from the defendant(s) acting under color of law." *Id.*

Robertson's complaint fails for at least two reasons. First, Robertson cannot sue Defendants under §1983 because neither of them was acting under color of law when they represented him in his criminal proceedings. By his own allegations, Defendants were private lawyers that Robertson retained. Second, Robertson also cannot pursue state law claims (such as breach of contract) against Defendants *in this Court* because there is no federal subject matter jurisdiction over these claims. This Court's diversity jurisdiction requires complete diversity of

3

citizenship among the parties to an action and an amount in controversy that exceeds $75,000. 28 U.S.C. §1332(a)(1). Complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). Complete diversity does not exist in this case because Robertson and Defendants are all citizens of Wisconsin. If Robertson wants to pursue state law claims against Defendants, he will have to do so in state court, not this Court.

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). No set of facts that Robertson could allege against Defendants would give the Court jurisdiction over his claims, so it would be futile to give him an opportunity to file an amended complaint.

**IT IS THEREFORE ORDERED** that Robertson's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Robertson's motion to amend/correct his complaint (Dkt. No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** because the Court lacks subject matter jurisdiction over the claims.

**IT IS FURTHER ORDERED** that the agency having custody of Robertson shall collect from his institution trust account the $322.40 balance of the filing fee by collecting monthly payments from Robertson's prison trust account in an amount equal to 20% of the preceding month's income credited to Robertson's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).

The payments shall be clearly identified by the case name and number assigned to this action. If Robertson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Robertson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Robertson is located.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 10, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.